IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARUS A. ORTEGA, | No. C 07-04436 SBA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DEPUTY GIAMALVO, et al., | |
| Defendants. / | |

**BACKGROUND**

Plaintiff Lazarus A. Ortega, a state prisoner currently incarcerated at Folsom State Prison filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted in forma pauperis status. On February 19, 2008, Plaintiff filed an amended complaint, which is the operative complaint in this action.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the amended complaint to determine whether Defendants are required to respond.

Venue is proper in this district as the acts complained of occurred at the Alameda County Jail, which is located in this district. 28 U.S.C. § 1391(b).

**United States District Court**
For the Northern District of California

# DISCUSSION

## I. Standard of Review

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (hereinafter "PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387.

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Id. Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. See id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See CAL. CODE REGS. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (hereinafter "CDCR"). See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

On November 8, 2006, Plaintiff filed a prior civil rights action alleging the same claims as this present action. In an Order dated April 24, 2007, the Court dismissed his prior action for failure to exhaust because Plaintiff conceded that he had not exhausted his administrative remedies, which he alleged were "not available" to him.

Here, Plaintiff claims that he has made attempts to filed grievances regarding the excessive force claim raised in Plaintiff's present action. (Compl. at 2(a); Am. Compl. at 4-5.) He claims that he originally filed a grievance on October 13, 2004, and then he filed another grievance "several weeks later in early November 2004." (Am. Compl. at 4.) However, Plaintiff claims that "both grievances never received tracking numbers." (Id.) Therefore, he "wrote a letter to the District Attorney's Office about the Assault and Battery Plaintiff received . . . [and] included a complaint about how Plaintiff wrote two separate grievances and received no log or tracking numbers [and about how his grievances were] not being processed." (Id.) He alleges that his letter was forwarded

1  to the Alameda County Sheriff's Office Internal Affairs Unit. (Am. Compl. at 4.) Plaintiff has
2  submitted with his amended complaint, a letter from Captain Casey Nice of the Internal Affairs
3  Section which states that the matter he complained about had been reviewed by Internal Affairs and
4  "no Internal Affairs investigation would be conducted." (Pl.'s Ex. 2(a), April 26, 2005 letter.)
5  Plaintiff claims that he then filed his prior action, and it was dismissed as unexhausted, as mentioned
6  above. (Am. Compl. at 5.) After his prior action was dismissed, he sent a letter to the Alameda
7  County Sheriff's Department to request a grievance form. (Id.) He claims that they "refused to send
8  Plaintiff a grievance form." (Id.) Also attached to his amended complaint is a letter from Captain
9  Glenn T. Melanson of the Internal Affairs Section, which again states that "no Internal Affairs
10 investigation would be conducted." (Pl.'s Ex. 2(d), May 21, 2007 letter.) Therefore, Plaintiff claims
11 that has satisfied the administrative remedies exhaustion requirement prior to filing this present
12 action.

13       Because the Court finds that Plaintiff has presented some evidence that could constitute
14 extraordinary circumstances which might compel that he be excused from complying with PLRA's
15 exhaustion requirement, his action will not be dismissed as unexhausted at this point of the
16 proceedings.

17 **III.  Excessive Force Claim**

18       According to the allegations in the amended complaint, the named Defendants violated his
19 constitutional rights. Plaintiff alleges that Defendant Alameda County Sheriff's Deputy Giamalvo
20 used excessive force against him when he was in a holding cell on October 12, 2004.

21       The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial
22 detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S.
23 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); see Gibson v. County of
24 Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects pretrial
25 detainees from the use of excessive force that amounts to punishment . . . . Graham therefore
26 explicates the standards applicable to a pretrial detention excessive force claim in this circuit.")
27 (citations omitted).
28

4

To determine whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of the word, the Court first looks to whether the disability imposed is for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. See Bell, 441 U.S. at 538. Absent a showing of an express intent to punish, whether a restriction amounts to punishment will generally turn on whether there is an alternative, rational purpose for the restriction, and whether the restriction then appears excessive in relation to that purpose. See id. If a restriction or condition is not reasonably related to a legitimate goal, i.e., if it is arbitrary or purposeless, the court may infer that the purpose of the action is punishment. See id. at 539.

Liberally construed, Plaintiff's allegations state a cognizable excessive force claim against Defendant Giamalvo.

## IV. Defendants

### A. Defendant Giamalvo

Plaintiff has named and directly linked to his allegations of excessive force Defendant Giamalvo. Accordingly, the Court will order service of the amended complaint on Defendant Giamalvo.

### B. Defendant County of Alameda

Plaintiff has not alleged grounds for municipal liability against Defendant County of Alameda based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, the claims against Defendant County of Alameda are DISMISSED with leave to amend. If Plaintiff can in good faith assert facts which state constitutionally cognizable claims for relief against this municipal Defendant he may include them in an amendment to the amended complaint as directed below.

**CONCLUSION**

1.  The Court finds that Plaintiff's amended complaint states a cognizable excessive force claim against Defendant Giamalvo stemming from the October 12, 2004 incident.

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (docket no. 4), and a copy of this Order upon: **Alameda County Sheriff's Deputy Giamalvo**. The Clerk shall also mail copies of these documents to the Alameda County Counsel's Office. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

3.  Plaintiff's claims based on municipal liability against Defendant County of Alameda is DISMISSED WITH LEAVE TO AMEND as indicated above. Within **thirty (30) days** of the date of this Order Plaintiff may file an amended municipal liability claim (Plaintiff shall resubmit only that claim and not the entire complaint) as set forth above in Section IV(B) of this Order. He must clearly label the document an "Amendment to the Amended Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's claim against Defendant County of Alameda based on municipal liability.

4.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  Defendant shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **sixty (60) days** from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **forty-five (45) days** after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

6

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendant's declarations, Defendant's version may be taken as true and the case may be decided in Defendant's favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

        c.       If Defendant wishes to file a reply brief, he shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

        d.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the Court must be served on Defendant, or his counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 6/3/08

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Ortega4436.Service.wpd  8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

          Plaintiff,

  v.

ALAMEDA COUNTY SHERIFF DEPUTY et al,

          Defendant.
                                       /

Case Number: CV07-04436 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lazarus A. Ortega F23334
Folsom State Prison - Sacramento
C.S.P. SAC/B-8-227
P.O. Box 290066
Represa, CA 95671

Dated: June 4, 2008

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Ortega4436.Service.wpd 9

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

P:\PRO-SE\SBA\CR.07\Ortega4436.Service.wpd10