J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION
180 Grand Avenue, Suite 225
Oakland, California 94612
Tel.: (510) 287-4160
Fax: (510) 287-4161

Attorneys for Defendant
DEPUTY MICHAEL GIAMMALVO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARUS A. ORTEGA,<br><br>   Plaintiff<br><br>v.<br><br>DEPUTY GIAMALVO, et al. | Case No.: C07-04436 SBA (PR)<br><br>**ANSWER OF DEPUTY MICHAEL GIAMMALVO TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>Action Filed: August 28, 2007 |

Defendant DEPUTY MICHAEL DIAMMALVO, hereby answers the amended complaint of plaintiff LAZARUS A. ORTEGA, and demand for jury trial as follows:

1.  In response to paragraph 1 of plaintiff's amended complaint, defendant admits that plaintiff has "brought" the action "under 42 U.S.C. §1983." Defendant further denies the remainder of paragraph 1.

2.  Admit.

3.  In response to paragraph 3 of plaintiff's amended complaint, defendant lacks sufficient information and belief to respond to the allegations, and on that basis deny each and every allegation.

4.  In response to paragraph 4 of plaintiff's amended complaint, defendant admits that defendant Deputy Giamalvo is a resident of Alameda County, California. Defendant lacks sufficient information and belief that venue is proper, and on that basis denies each and every allegation.

1

1  Defendant lacks sufficient information and belief that plaintiff, at all times mentioned in the
2  complaint, was a citizen of the United States, and on that basis denies each and every allegation.
3  Defendant lacks sufficient information and belief that at all times, plaintiff was in the custody of the
4  California Department of Corrections, at Folsom State Prison, and on that basis denies each and
5  every allegation.

6      5.    In response to paragraph 5 plaintiff's amended complaint, defendant admits that a
7  substantial part of the events giving rise to this action occurred in Alameda County, California.
8  Defendant lacks sufficient information and belief that venue is proper, and on that basis denies that
9  allegation.

10     6.    In response to paragraph 6 of plaintiff's amended complaint, defendant admits this
11 allegation.

12     7.    In response to paragraph 7 of plaintiff's amended complaint, defendant admits this
13 allegation.

14     8.    In response to paragraph 8 of plaintiff's amended complaint, defendant admits this
15 allegation.

16     9.    In response to paragraph 9 of plaintiff's amended complaint, defendant admits this
17 allegation.

18     10.    In response to paragraph 10 of plaintiff's amended complaint, defendant lacks
19 sufficient information and belief that the incident occurred at 0100, and on that basis denies that
20 allegation. Defendant denies that plaintiff asked the defendant if he (plaintiff) could see a psyche
21 (sic) or doctor. Defendant denies the allegations with regard to the use of the keys by the defendant
22 as set forth in the sentence beginning with "plaintiff complied… and pushed…" Defendant denies
23 the allegations beginning with the sentence "The defendant then instantaneously…." through the
24 sentence beginning with the phrase "Somehow the defendants (sic)…" except that defendant admits
25 he and the plaintiff engaged in a fight and that defendant eventually struck the plaintiff on the head
26 with his flashlight. Defendant further states that the plaintiff assaulted and battered him without
27 provocation and justification. Defendant further states that he (defendant) reasonably responded in
28 self defense. Defendant admits that plaintiff blacked out and fell unconscious, that plaintiff had

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

blood on himself, and that plaintiff was eventually shackled. Defendant lacks sufficient information and belief to respond to the allegations within the final two sentences of the paragraph, and on that basis denies each and every allegation. To the extent that any allegation has not been denied above, or denied above for lack of information or belief, defendant hereby denies each and every allegation.

11. In response to paragraph 11 of plaintiff's' amended complaint, defendant denies each and every allegation.

12. In response to paragraph 12 of plaintiff's' amended complaint, defendant denies each and every allegation.

13. In response to paragraph 13 of plaintiff's' amended complaint, defendant denies each and every allegation.

14. In response to paragraph 14 of plaintiff's' amended complaint, defendant denies each and every allegation.

15. In response to paragraph 15 of plaintiff's' amended complaint, defendant denies that plaintiff exhausted available administrative remedies. Defendant lacks sufficient information and belief to respond to allegations, and on that basis denies each and every remaining allegation.

## PRAYER

16. In response to plaintiffs' prayer for relief, defendant denies that plaintiffs is entitled to any and all relief.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, defendant alleges as follows:

1. Defendant alleges that because the complaint is couched in conclusory terms, defendant cannot anticipate fully all affirmative defenses that may be applicable in this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

2. Defendant alleges that the complaint fails to state a cause of action upon which relief can be granted.

3. Defendant invokes CACI instruction 1304 (Self-Defense/Defense of Others) and 1305 (Battery by Peace Officer).

3

4. Defendant invokes CACI instruction 1605 (Privileged Conduct).

5. Defendant alleges that plaintiff has not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

6. Defendant alleges that plaintiff has suffered no actual injury due to defendant's conduct.

7. Defendant alleges that his is not liable because his conduct was not the proximate cause of harm, if any, to plaintiff.

8. Defendant alleges that he has absolute immunity and qualified immunity from liability pursuant to the Federal Civil Rights Act because he acted in good faith and held an honest, reasonable belief that his actions were reasonable, necessary, and consistent with the law.

9. Defendant alleges that his conduct was lawful and privileged under the so-called "law of justification."

10. Defendant alleges that he acted reasonably and used only such necessary force as was required under the circumstances to protect individuals, including himself, from wrongful injury by plaintiff.

11. Defendant acted in good faith and without malice and had reasonable cause to believe that such reasonable and necessary force would protect individuals, including himself, from wrongful injury by plaintiff.

12. Defendant alleges as an affirmative defense to each cause of action of plaintiff's amended complaint that the damages, if any were actually sustained by the plaintiff, were caused in whole or in part by the willful misconduct of the plaintiff for which this answering defendant is not liable.

13. Defendant invokes the privilege of Civil Code §§ 1431, *et seq.*, also known as Proposition 51.

14. Defendant invokes the provisions of Government Code §§ 810-856.6, and 900-985.

15. Plaintiff violated California Penal Code §§ 4500, 4501, 4501.5, 217.1, 835a and any and all other related penal code sections for the assault and battery of defendant. Thus, plaintiff fails to state a cause of action.

16. That any and all events and happenings in connection with the allegations contained in

4

{00056458.DOC/}AIMS 0713                                                                              *Ortega v. Giamalvo, et al.*
ANSWER OF DEPUTY MICHAEL GIAMMALVO TO PLTFF'S AMENDED COMPLAINT    4:07-cv-04436 SBA

plaintiff's amended complaint, and the resulting injuries and damages, if any, referred to therein, were caused and contributed to by the negligence or fault of plaintiff in that plaintiff or his agents were negligent or otherwise at fault in and about the matters and things set forth in the amended complaint.

17. Defendant alleges that the plaintiff, and each of them, consented to the matters of which he now complains.

18. Plaintiff has failed to exhaust his administrative remedies.

19. Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, further, has aggravated his alleged injuries by his failure to use reasonable care. Therefore, plaintiff may not recover for losses that could have been prevented by reasonable efforts on his own part, or by expenditures that might reasonably have been made. Plaintiff's recovery, if any, should be reduced by his failure to mitigate his damages.

20. Prior to the event in which the plaintiff was allegedly injured as a result of defendant's alleged conduct, the plaintiff, by his own conduct, impliedly assumed the risk of a known and appreciated danger, and thus may not recover damages from the defendant for those injuries.

21. Plaintiff instigated the subject incident by assaulting and battering defendant without justification. Defendant's activities constituted a reasonable response to plaintiff's assault and battery upon him.

### DEMAND FOR JURY TRIAL

WHEREFORE, this answering defendant makes a demand that this matter be tried by and before a jury to the extent provided by law and prays for judgment as follows:

### PRAYER

1. That plaintiff take nothing by his complaint;

2. That this answering defendant be dismissed with costs of suit incurred herein;

///
///
///
///

5

3. For reasonable attorneys' fees; and

4. For such other and further relief as the court deems just and proper.

Dated: July 17, 2008

ANDRADA & ASSOCIATES

By _____
J. RANDALL ANDRADA
Attorneys for Defendant
DEPUTY MICHAEL GIAMMALVO

# PROOF OF SERVICE

*Ortega v. Giamalvo, et al.*
**U.S. District Court, Northern District 4:07-cv-04436-SBA**

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action; that my business address is 180 Grand Avenue, Suite 225, Oakland, California; and that on 7/17/2008, I served a true copy of the foregoing document(s) entitled:

**ANSWER OF DEPUTY MICHAEL GIAMMALVO**

**TO PLAINTIFF'S AMENDED COMPLAINT**

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Lazarus A. Ortega, F23334                     **Pro Se**
Folsom State Prison – Sacramento
C.S.P. SAC/B-8-227
P.O. Box 290066
Represa, CA  95671

__X__   (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Andrada & Associates.

_____   (By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

_____   (By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

_____   (By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to the person(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 7/17/2008, at Oakland, California.

*/s/ Lilian Roberts*
LILIAN ROBERTS

{00056457.DOC/}AIMS 0713
PROOF OF SERVICE

1